## SIMONS & CO. v. COOK.

1 **Foreign Judgment:** CERTIFICATE OF AUTHENTICATION. The attestation of the clerk to a transcript of a foreign judgment, upon which suit is brought, should be in conformity with the form used in the state from whence the judgment comes, and the evidence of this fact should be found in the certificate of the judge of the court of which the attesting officer is clerk ; but, under our law, it is not necessary that such certificate shall be signed by the judge who is the presiding officer. If signed by a judge it is sufficient.

2. —— ABSENCE OF SEAL: EVIDENCE. Where the want of a seal appeared in the attestation clause of the certificate, and the judge certified that the clerk's certificate was in due form of law ; that he was clerk ; that his signature was genuine, and that his official acts were entitled to full faith and credit,—it was *held*, that the certificate and attestation were sufficient, and the record admissible in evidence.

3. —— STAMPS, The objection that neither of these certificates were stamped was held not well taken. No stamp is required thereto, nor to the transcript under the federal revenue law.

### *Appeal from Harrison District Court.*

### THURSDAY, AUGUST 4.

PLAINTIFFS declare upon a judgment purporting to be rendered by the circuit court of Carter county, Kentucky. The answer is substantially *nul tiel record.* Upon the trial to the court, defendant objected to the introduction of the transcript of the record sued on. The objections were overruled, and of the error in this ruling, as also in rendering judgment upon the evidence of plaintiff, defendant complains in this appeal.

*H. Y. Smith* and *P. D. Mickel* for the appellant.

*M. Holbrook* for the appellee.

WRIGHT, J. —The errors relied on may be disposed of very briefly. The attestation of the clerk to the record

Simons & Co. v. Cook.

**1. FOREIGN JUDGMENT:** *certificate of authentication.* should be in conformity with the form used in the state of Kentucky (from whence the record comes, there being nothing in our statute making any other form sufficient or competent), and the evidence of this fact is to be found in the certificate of the judge of the court, of which the attesting officer is clerk. *Brown* v. *Adair*, 1 Stew. & Port. 49. With us it is not necessary that such certificate shall be signed by *the* judge, presiding magistrate or chief justice. This is the requirement of the act of congress (act of May 26, 1790). Our statute makes the certificate of a judge, whether the presiding officer or not, sufficient. Rev. § 4058 ; *Latterette* v. *Cook*, 1 Iowa, 1 ; and see also *Torbert* v. *Wilson*, 1 Stew. & Port. 200.

When the certificate is, that " I, James M. Rice, judge of the," etc. (reciting the court, circuit, county and state), and is signed in the name aforesaid, it is not necessary that the signature should be followed with the words, " Judge of said court," or "A. judge, etc," or " The judge, etc." Such a certificate sufficiently shows that the person so signing is the judge of the court, and, as such, authorized to attest to the genuineness of the clerk's certificate, and its conformity to law. *Donoho* v. *Braman*, 1 Overt. 329.

In *Craig* v. *Brown*, Pet. C. C. 352, relied upon by defendant, the judge only certified that the person whose name was signed to the attestation was clerk, **2. ——absence of seal:** *evidence.* and that the signature was in his own proper handwriting. There is nothing said about its being in conformity with the law of the state whence the record came.

In that case, too, the clerk only certified as to the seal used as a substitute, that none had been *provided by the state*, thus leaving the fact of the non-existence of the proper seal to argument. And while it is said that if

the court has no seal that fact should appear in the certificate of the clerk or judge, it is not said how formally such fact should be stated.   In this case the want of the seal (court or public seal) appears in the attestation clause, not in the body of the certificate, and the judge certifies that the clerk's certificate is in due form of law; that he is clerk; that his signature is genuine; that his official acts are entitled to full faith and credit, etc.   A record thus certified we think was properly received as evidence.

To make it so, it was not necessary (in answer to the only remaining objection made to this judgment) that **s.** — stamps. these certificates should have attached to either a revenue stamp.

It was generally held, before congressional legislation dispensing with it, that the judicial proceedings of the states could not be thus taxed.   The act of May 26, 1790, before referred to (found in the Rev. p. 986), provides the manner of proving or attesting these records.   A transcript like that before us is not, in our opinion, an *instrument*, nor the certificates thereto certificates within the meaning of the federal revenue law.

                                        Affirmed.