Gordon v. Kennedy.

GORDON v. KENNEDY et al.

| 36 | 167 |
| 85 | 331 |
| 36 | 167 |
| 87 | 99 |
| 36 | 167 |
| 135 | 239 |

1. **Evidence:** WHERE ADVERSE PARTY IS EXECUTOR. In a contest between creditors as to priority respecting the funds in hands of an administrator of one of the debtors, who is made a party defendant to the proceeding, such administrator is not the "adverse party" within the meaning of the statute (Rev., § 3982) prohibiting a party from testifying where the adverse party is an administrator or executor, and one of such contesting creditors, who intervenes in the proceeding, may testify as to matters transpiring before the death of the decedent.

2. **Former adjudication:** ESTOPPEL. A judgment of the probate court, affirmed on appeal to the district court, is not a bar to an equitable proceeding respecting matters of which the former court had not equitable jurisdiction requisite to determine the facts and adjudge the relief to which the parties were entitled.

3. **Partnership:** PRIORITY OF CREDITORS. Funds arising from the sale of real estate belonging to a firm but the legal title to which is vested in an individual member, should be first subjected to the payment of the claims of partnership creditors in the order of the seniority of judgments rendered thereon.

4. —— A junior judgment creditor in such case cannot claim priority over a senior one as to funds thus arising and held by the administrator of the deceased partner holding the legal title to the lands, on the ground of his superior diligence in the institution and prosecution of a suit to subject such funds to the payment of his claim.

*Appeal from Decatur District Court.*

FRIDAY, JANUARY 25.

THIS is an action in equity to settle the priorities of claims between several judgment creditors of a deceased debtor. Certain lands had been sold by the administrator of Leonard Funk, deceased, and about $1,200, more or less, of the proceeds of such sale are in the hands of the administrator. The plaintiff claims that the real estate sold by the administrator was the property of a firm composed of said Funk and one E. P. Soule, and that he is a firm creditor. The district court so held, and gave preference to plaintiff. The defendant Kennedy, and J. H. Seaton and Joseph Creese, intervenors, appeal.

*J. W. Penny* for the defendant, appellant.

*Warner & Post* for the intervenors, appellants.

*J. S. Warner* for the plaintiff and appellee.

COLE, J.— I. The administrator of Leonard Funk was made defendant in this action; but he is indifferent as to the result, and makes no defense to any of the claims. The

**1. EVIDENCE:** where adverse is executor.

intervenor, Creese, was permitted to testify in the case as a witness, and to matters transpiring before the death of Leonard Funk. This testimony is objected to by the plaintiff, on the ground that he is not competent under Revision, § 3982 : "No person shall be allowed to testify under the provisions of section 3980 (which makes all persons competent), when the adverse party is the executor of a deceased person, when the facts transpired before the

death of such deceased person." * * In this case, upon the issues made, the administrator is not "the adverse party." It is purely a contest between the creditors, who are the only adverse parties. The intervenor was, therefore, a competent witness.

II. The legal title to the real property which was sold by the administrator, was, as shown by the county records, in Leonard Funk, the decedent. The judgment of the defendant Kennedy was rendered in 1858 upon confession. The plaintiff averred that the ownership of the real property was in the firm of Funk & Soule; and also that the judgment entry, upon the confession, had never been read and approved by the court. The defendant by answer set up the statute of limitations as a bar to any claim to the real estate by the firm, and to any attack upon the judgment. A demurrer to that part of the answer was sustained. This ruling was right, for the statute would not defeat the ownership of the firm, although the legal title was held in the name of one of its members; nor would it make a judgment valid, if it was never a perfected or legal judgment. But in any event the defendant was not prejudiced by the ruling as to the judgment, because no evidence was offered tending to show it invalid. It stands therefore, in this case, as valid and in full force.

III. It appears from the allegations of the plaintiff's petition, and from the evidence in the case, that, in April, 1866, after the sale of the land and the receipt of the money by the administrator, this plaintiff and the defendant and intervenors herein, filed an application before the county court, then having jurisdiction in probate matters, to have said funds paid over to them according to their respective interests; and that on the hearing the county court ordered the money to be paid over to the defendant Kennedy, his judgment being the oldest and for an amount greater than the sum in the administrator's hands. From that order this plaintiff appealed to the district court, where the same was affirmed, with the additional order

*2. FORMER AD-
JUDICATION:
estoppel.*

that execution issue against the administrator for the amount ordered to be paid. Execution was issued in August, 1867, and placed in the sheriff's hands for levy, etc. Thereupon, this action was brought to enjoin the enforcement of said order, on the ground that plaintiff was a partnership creditor of the firm of Funk & Soule, who owned the land sold, while Kennedy was the individual creditor of Funk. This prior adjudication is now set up and relied upon as a bar to this action. We hold that it is not a bar, because that court had not the complete equity jurisdiction requisite to determine the facts and adjudge the relief to which the parties might be entitled.

IV. The main issue of fact between the parties to this action, the claimants of said fund, is as to whether the land which was sold and for which the money was 

3. PARTNER-SHIP: priority of creditors.

received by the administrator, was the property of Funk, the decedent, alone, or of Funk & Soule, the firm. Upon this question the evidence is abundantly satisfactory to our minds that the land was the property of the firm of Funk & Soule, and that the legal title to an undivided half thereof had been conveyed prior to his death by Funk to Soule, and that the deed had been lost. It further appears to us that the plaintiff and the intervenors Seaton and Creese are respectively creditors of the firm; and that the defendant Kennedy is the individual creditor of Funk alone.

The plaintiff claims that by reason of his diligence in the institution and prosecution of this suit he is entitled to have his judgment first paid, and thereby acquire a preference over the judgments of the intervenors, each of which are older than his. While this claim might have been well grounded if the action had been to set aside a fraudulent conveyance, to discover concealed assets or the like; yet, we think it has no support in equity or in precedent, in a case like this, where the fund is discovered, fixed and in court, and the sole question is as to the priorities of the several claimants.

It follows, therefore, that the funds are first to be subjected to the payment of the partnership debts. The partnership

creditors will be entitled to payment in the order of the seniority of their judgments, which were liens upon the land out of the sale of which the fund has been realized. That is to say, first to Seaton, second to Creese, third to Gordon.

Reversed.