## HAWLEY v. PAGE *et al.*

**Statute of Limitations:** FRAUDULENT CONVEYANCE: CONSTRUCTIVE NOTICE OF. An action to set aside a fraudulent conveyance is barred in five years after the fraud is discovered, and it will be presumed to be discovered when the fraudulent conveyance is filed for record, unless the plaintiff shows that the knowledge with which he is charged by the filing of the deed was unavailable as a basis for further inquiry leading to the discovery of the fraud. (*Laird v. Kilbourne*, 70 Iowa, 83, *explained and followed.*)

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

FILED, MAY 8, 1889.

| 77 | 229 |
| 92 | 428 |
| 77 | 239 |
| 93 | 41 |
| 77 | 239 |
| 95 | 763 |
| 77 | 239 |
| 96 | 618 |
| 77 | 239 |
| 107 | 318 |
| 77 | 239 |
| 108 | 254 |
| 77 | 239 |
| 136 | 537 |

ACTION to subject certain real estate to the payment of a judgment.   Decree for defendants, and plaintiff appeals.

*Theo. Hawley*, for appellant.

*Wright & Farrell*, for appellees.

GRANGER, J.—On the sixth day of August, 1873, the defendant George E. Page, who was, and is now, the husband of the defendant Phœbe E. Page, owned the premises in question, and on that day the plaintiff obtained a judgment in the district court of Humboldt county against said George E. Page.   On the tenth day of April, 1874, George E. Page conveyed the premises to his wife, by deed, and for a consideration therein expressed of five hundred dollars, which deed was filed for record March 28, 1876.   Plaintiff avers that such conveyance to the wife was in fraud of his rights as a judgment creditor, and that his judgment should be decreed a lien thereon.   This action was commenced in July, 1884, and the defendants say the action is barred by the statute of limitation.   No brief or argument is on file for appellees.   Upon the question of the plea of the statute of limitations appellant concedes that if the case of *Laird v. Kilbourne*, 70 Iowa, 83, is in point, it is conclusive of this case, and he says that under the rule there laid down the defendants have established their plea.   With reference to that case, it may be well here to remark that the language of the opinion, construed abstractly, announces a rule broader than the court intends.   As applied to the facts of that case, the rule is correct.   Viewed in the light of the plea under consideration, we think the facts of the two cases are not essentially different.   In that case there was a debt against the husband, after which he transferred the premises to his wife.   It may be added that in that case the husband, at the time of the conveyance, was insolvent.   The deed was duly recorded, of which the plaintiff Laird was required to take notice.   At the time of

the deed being placed on record he knew that he was a creditor. These are the exact facts in the case at bar. The plaintiff, in legal contemplation, knew of the recording of the deed by which his judgment debtor conveyed his lands to his wife. The record further discloses that the deed was not recorded for nearly two years after its execution. These facts are urged as indications or badges of fraud, which we may admit. They were known to the plaintiff, and we think they constitute knowledge or a discovery of fraud within the meaning of the law. The law certainly does not contemplate such a discovery as would give positive knowledge of a fraud, but such a discovery as would lead a prudent man to inquiry or action. To hold that the discovery must amount to absolute knowledge of the fact of fraud would be to render the statute practically inoperative, as such knowledge is rarely had before the facts are established by adjudication. We are not required to decide just how much knowledge is necessary to constitute a discovery of the fraud, so as to put in operation the running of the statute, and it is sufficient to say that the knowledge of plaintiff in this case, in the absence of a showing on his part that it was unavailable as a basis of further inquiry and proceeding, was a discovery of the fraud, and that his action is barred. See *Gebhard v. Sattler*, 40 Iowa, 152 ; Ang. Lim., sec. 187. The judgment of the district court is

AFFIRMED.