AT

### DES MOINES, MAY TERM, A. D. 1889,

IN THE FORTY-THIRD YEAR OF THE STATE.

PRESENT:

HON. JOSIAH GIVEN, CHIEF JUSTICE.
HON. JAMES H. ROTHROCK,
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,   } JUSTICES.
HON. CHARLES T. GRANGER,

## FRANCIS v. WALLACE *et al.*

**Statute of Limitations:** FRAUD IN GUARDIAN'S DEED: WHEN DISCOVERED. Fraud in the conveyance of a minor's land by his guardian, under order of court, is presumed to be discovered when the deed is filed for record; and the ward cannot maintain an action to set it aside, seven years after reaching his majority, and after it would otherwise be barred by the statute of limitations, on the ground that he did not sooner discover the fraud. (Compare *Laird v. Kilbourne,* 70 Iowa, 84.)

( 373 )

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FILED, MAY 14, 1889.

ACTION to recover the undivided two-thirds of certain real estate of which Martin W. Francis died seized in 1860, leaving Izora A., his widow, and the plaintiff, his only child. Izora married the defendant William A. Burnside, April 5, 1865. Burnside was appointed guardian of the plaintiff,—then seven years of age,— and gave bond, and received letters of guardianship. On June 5, 1865, such proceedings were then and theretofore had in the county court that said court ordered that W. A. Burnside sell and convey said undivided two-thirds of said real estate, in pursuance of which order he sold the same to the defendant Lewis Rickard, on the ninth day of May, 1867, and executed to him a deed therefor, which deed and sale were approved, and the deed duly entered of record. On the same day Izora A. Burnside sold and conveyed her undivided interest to said Rickard. Rickard immediately took possession of the whole of the land, and the same has been continuously held by him and his grantees ever since. The plaintiff came of age in 1879. He left Iowa in 1867, since which he has resided in Fresno county, California. He alleges that his mother and Burnside always told him he had no property in Iowa, and that he never knew to the contrary until within a few months before the bringing of suit. He also alleges that the proceedings in the county court for the sale of said lands were fraudulent and void because no notice thereof was ever served on him, and no guardian *ad litem* was ever appointed to defend said proceedings for him; that no bond was ever given for the proceeds of the sale, and that all said proceedings were fraudulent, void and illegal; that each of the grantees took their deeds with notice of such fraud; and that he had no knowledge thereof until a few weeks before the bringing of this action. The defendants Wallace and Burlingham, answering, admit that Martin

W. Francis died intestate, seized of the real estate named, leaving Izora A. Burnside, his widow, and plaintiff, his only child; that the plaintiff's interest in said real estate was sold to Lewis Rickard, as alleged, and that said Rickard and his grantees have ever since occupied the same. They allege that plaintiff's cause of action is barred by the statute of limitations, and set up at length the proceedings in the county court, and ask that defendant Wallace be quieted in his title. On final hearing, decree was entered dismissing the plaintiff's petition, and confirming title to the land in the defendant Wallace, and judgment and execution for costs against the plaintiff, to all of which the plaintiff duly excepted, and from which he appeals to this court.

*Woodward & Cook*, for appellant.

*C. E. Ransier*, for appellees.

GIVEN, C. J.—This right of action accrued to the plaintiff, if at all, in 1867. The plaintiff, then being a minor, he had, under section 2535 of the Code, one year after attaining his majority within which to commence the action. He attained his majority in 1879, but did not commence this action until the fourth day of August, 1886. It is claimed that this is an action for relief on the ground of fraud, and that the cause of action shall not be deemed to have accrued until the fraud complained of was discovered by the plaintiff, which he alleges was not until a few months prior to the commencement of this action. The fraud complained of is the deed from Burnside, as guardian, to Rickard, which was filed for record and recorded May 9, 1867. The case is within the ruling in *Laird v. Kilbourne*, 70 Iowa, 84, wherein the court says: "The fraud will be discovered when the fraudulent act is revealed,—made known to the party aggrieved. Notice or knowledge of the act is a discovery of the fraud. The act which is the very foundation of the fraud alleged in this case—indeed, which itself constitutes the fraud complained of—was

the deed of Kilbourne to his wife. Plaintiff is charge-able with notice of this act by the record of the deed." See, also, cases cited. We think it appears very clearly that plaintiff's cause of action is barred by the statute of limitations. It is therefore unnecessary to notice the other points in the record. The decree of the district court dismissing plaintiff's petition and confirming title to the land in the defendant R. F. Wallace, and judgment and execution for costs against the plaintiff, are                                                    AFFIRMED.