W. C. COLLMAN, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellee.

Insurance: ACTION FOR PAID UP POLICY: LIMITATIONS. Under a life policy of insurance providing that upon default in payment of premiums, paid up insurance would be issued upon return of

the policy receipted within six months from such default, the insured's right to paid up insurance was barred by failure to return and receipt the policy within ten years after default; and, his delay in making demand and returning the policy did not toll the statute.

*Appeal from Lyon District Court.*— HON. J. F. OLIVER, Judge.

WEDNESDAY, FEBRUARY 6, 1907.

SUIT in equity to compel defendant to execute and deliver to plaintiff a paid-up policy of insurance. Defendant answered pleading the statute of limitations. To this plaintiff demurred, and, his demurrer being overruled, judgment was rendered dismissing his petition, and he appeals.— *Affirmed.*

*Louis Vogt,* for appellant.

*Berryhill & Henry,* for appellee.

DEEMER, J.— The sole question made by the demurrer is that plaintiff's action is not barred by the statute of limitations. It appears from the allegations of the petition and of the answer that plaintiff became a policy holder in the defendant company on the 10th day of August, 1891, and that he paid three annual premiums, to wit, on the 22d days of July, in the years 1891, 1892, and 1893. The policy was for $1,000, and defendant agreed to pay that amount to plaintiff's executors, administrators, or assigns upon satisfactory proof of death, etc. Attached to plaintiff's application for insurance was the following under the head of the list of privileges: " II. Non-Forfeiture. If premiums upon the policy for not less than three complete years of assurance shall have been duly received by the society, and default shall be made in payment of subsequent premiums, the policy may be surrendered for a non-participating paid-

up policy for the entire amount which the full reserve on the policy, according to the present legal standard of the State of New York will then purchase as a single premium, calculated by the regular table for single premium policies, now published by the society duly receipted within six months after the date upon which the last premium in default has fallen due; otherwise the policy shall cease and determine and all premiums paid thereon shall forfeit to the society." And in the policy itself was the following under the heading " List of Privileges," " the details of which will be found in the applications." " It provides for a paid-up policy after three years for as many twentieths of the original policy as complete annual premiums have been paid."

The policy had not been returned to defendant duly receipted at the time this action was commenced, nor was any demand of any kind made upon defendant until about March 28, 1905, when plaintiff requested of defendant that it issue him a paid-up policy of insurance for the sum of $150. This action was commenced September 19, 1905. Under our statute actions upon written contracts must be commenced within 10 years after their causes accrue. Code, section 3447, subdivision 7. The stipulation for the paid-up policy was a privilege conditioned upon return of the policy duly receipted within six months after the date upon which the last premium in default fell due, and, if this was not done, the policy was to cease and determine and " all premiums paid thereon should be forfeited to the society." The condition above named was to be performed by plaintiff before any liability would attach to issue a paid-up policy. Plaintiff did not pay the premium maturing July 22, 1894, nor did he make any demand upon defendant for a paid-up policy until March 28, 1905; giving him six months from July 22, 1904, within which to return his policy duly receipted. He did nothing until more than ten years from the expiration of this period; so that, if we

treat his cause as accruing on January 22, 1895, his action is fully barred by statute. Plaintiff could not toll the statute by delay in making his demand and return of the policy. *Baker v. Johnson Co.*, 33 Iowa, 151; *Mickel v. Walraven*, 92 Iowa, 423; *Grand Lodge v. Graham*, 96 Iowa, 592, and cases cited. By reason of the peculiar nature of certificates of deposit, this rule does not apply to such instruments. *Elliott v. Capital City Bank*, 128 Iowa, 275. But a policy of insurance has none of the elements of a certificate of deposit issued by a bank. If it did, the policy issued in this case provides that, if the policy is not returned duly receipted within six months, it is to cease, and all premiums paid thereon shall be forfeited to the society. No statute has been called to our attention making such a provision invalid, and, in the absence thereof, there is no rule of public policy forbidding it. It is contended for appellant that he was entitled to a paid-up policy of insurance for $150 after making his three annual payments, and, if this be true, his cause of action then accrued. He made no demand and commenced no suit until more than ten years after he was entitled to his paid-up insurance. His neglect to make demand until after the expiration of the ten years does not aid him in any way. The trial court was right in overruling the demurrer, and the judgment must be and it is *affirmed*.