RAY BRISTOW, Appellee, v. HENRY LANGE et al., Appellants.

No. 43353.

MAY 5, 1936.

REHEARING DENIED OCTOBER 2, 1936.

Currie & Wilson, and Jacobs & McCaulley, for appellants.

Diamond & Jory, for appellee.

KINTZINGER, J.—This is an action in equity to set aside a deed to certain real estate in Calhoun county, Iowa, alleged to have been executed by the defendants, Henry Lange and Emma Lange, to their son, Ernest Lange, on May 21, 1925, without

consideration and for the purpose of hindering, delaying, and defrauding the grantor's creditors. It is an outgrowth of the land boom of the early twenties. On March 1, 1920, the defendant, Henry Lange, purchased of the plaintiff 240 acres of land in Jackson county, Minn., for $48,000. Of this purchase price, he paid $10,000 in cash, assumed two mortgages against the property aggregating $12,000, and executed his own note and mortgage of $26,000 for the balance, payable March 1, 1930. The mortgage contained an acceleration clause under which the entire debt could be declared due on failure to pay the interest and taxes when due. Evidence was offered showing defendants' failure to pay the taxes due in 1924. Plaintiff thereupon declared the entire amount due, and in February, 1925, he foreclosed the mortgage outside of court, by the process of "advertisement and sale" as authorized by the statutes of Minnesota. The real estate was sold thereunder to the plaintiff for $21,600, leaving a balance still due.

Thereafter, in February, 1931, plaintiff commenced an action at law, aided by an attachment against the real estate in question, against all of the defendants, in Calhoun county, Iowa, asking judgment against Henry and Emma Lange for the balance then due upon said note, with interest, and that it be declared a lien on the real estate.

In April, 1933, a personal judgment was entered against said defendants, Henry and Emma Lange, for $9,930.62. This judgment was never appealed from and is not questioned.

Thereafter, on May 15, 1933, plaintiff commenced this equitable action in Calhoun county, Iowa, against all defendants to set aside the deed to Ernest Lange on the ground of fraud against the grantor's creditors. The defense relied upon is that this action to set aside the deed was not commenced within five years after the execution of the alleged fraudulent deed, and is, therefore, barred by the statute of limitations, and by laches.

When plaintiff commenced his law action against the defendants Henry and Emma Lange, in Calhoun county, Iowa, he asked for and secured a writ of attachment against the real estate in question, alleging, as a ground for the writ, that the defendant grantor transferred the real estate to the defendant Ernest Lange without consideration and for the purpose of hindering, delaying, and defrauding his creditors; and that the equitable title to said real estate was in the defendant Henry

Lange. The action for the balance due on the note was an action at law, and did not seek to set aside the deed in question.

Defendants demurred to the petition in the law action as being barred by the statute of limitations, as more than five years had elapsed between the execution and recording of the deed and the commencement of that action, alleging that plaintiff was entitled to no relief against the real estate levied on because an action to set aside a deed for fraud was barred by the statute of limitations and/or laches.

The demurrer was overruled, and defendants failing to answer, the court, on April 26, 1933, entered judgment against Henry and Emma Lange for $9,930.62, and ordered that the attachment lien against the property continue in force, pending the determination of an equitable action to set aside the deed, which the court authorized to be commenced within a reasonable time thereafter for the determination of the issue relating to the fraudulent character of the conveyance "to the end in view that in the event said issue * * * be determined in favor of plaintiff, that said premises * * * be subjected to the payment of the judgment herein rendered and entered."

The lower court decided all issues in favor of appellee. Hence the appeal.

I. The only evidence showing the maturity of the note sued on in the law action before the date fixed in the note consisted of certified copies of the records of the foreclosure of the mortgage securing the note. These records show an acceleration provision in the mortgage under which the entire indebtedness became due on failure to pay interest or taxes when due.

The evidence tending to establish the foreclosure of plaintiff's mortgage against the Minnesota land consists of duly certified copies of the public records in the office of the register of deeds of Jackson county, Minn., showing such foreclosure by "advertisement and sale," as authorized by the laws of Minnesota.

The defendants alleged and proved the statutory law of Minnesota authorizing the foreclosure of mortgages by "advertisement and sale," and providing for the recording of all instruments in connection therewith in the office of the register of deeds in the proper county. The Minnesota statutes authorizing such foreclosure without court procedure are found in sections Nos. 9602, 9604-9606, 9612, 9613, 9618, 9620, 9622, 875, and 884

(Mason's Minn. St. 1927). Certified copies of such records show that plaintiff's mortgage was foreclosed by "advertisement and sale" under these statutes in February, 1925, by the sheriff's sale of said land to plaintiff herein for the sum of $21,600.

■■■ Certified copies of the records of the register of deeds in Jackson county, Minnesota, relating to the foreclosure of said property by "advertisement and sale," and the Minnesota statutes were pleaded and admitted in evidence. Such statutes and evidence were objected to on the ground that the copies of such records were not authenticated as required by the act of Congress relating to the admission of evidence of court records in a foreign state.

Appellants contend, however, that the records of foreclosure proceedings by "advertisement and sale" in Minnesota constitute "public records," and that duly certified copies of such "public records" are admissible in evidence under sections 11290 and 11296 of the Code of Iowa 1931.

Section 11290 of the code provides that:

"When the recording of any instrument in the office of any public officer is authorized by law, the record of such instrument, or a duly authenticated copy thereof, is competent evidence whenever, by the party's own oath or otherwise, the original is shown to be lost, or not belonging to the party wishing to use the same, nor within his control."

Section 11296 of the Code provides that:

"Duly certified copies of all records and entries * * * belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or papers so filed."

Appellee contends that these statutes apply only to copies of records in public offices within the state of Iowa, and are not competent unless authenticated in the manner authorized by act of Congress providing, in substance, that "the records and judicial proceedings of the courts of any state or territory * * * shall be proven or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed * * * together with a certificate of the Judge * * * or presiding magistrate that said attestation is in due form." Section 906, U. S. Revised Statutes (28 U. S. C. A. section 688).

The federal statute relied on relates to *"judicial records"* of the courts of other states, where there are no provisions by statute or judicial decision under the common law making them admissible. 22 C. J., 819; 22 C. J., 821; Garden City Sand Co. v. Miller, 157 Ill. 225, 41 N. E. 753, loc. cit. 754; Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L. R. A. (N. S.) 938. As the copies introduced do not relate to judicial records of foreign states, the federal statutes are obviously not applicable. Section 11305 and section 11306 of the Code of Iowa 1931; Simons & Co. v. Cook, 29 Iowa 324; Austin v. Whitcher, 135 Iowa 733, 110 N. W. 910; Des Moines Sav. Bank v. Kennedy, 142 Iowa 272, 120 N. W. 742; Garden City Sand Co. v. Miller, 157 Ill. 225, 41 N. E. 753; 22 C. J. 821.

"As a general rule it is held that a certified copy of a public record or document given and certified by a public officer whose duty it is to keep the original is receivable in evidence, and this rule is very generally embodied in statutory provisions making such certified copies admissible, either generally or in certain specified instances." 22 C. J. 821.

In Austin v. Whitcher, 135 Iowa 733, loc. cit. 737, 110 N. W. 910, 911, this court passing on this question said:

"Section 4635 [now section 11296] of the Code states that the duly certified copies of all records and entries or papers belonging to any public office, or by authority of law filed to be kept therein, shall be evidence in all cases of equal credibility with the original record or paper so filed. This section of the statute simply announces a rule which is generally recognized by all courts. 2 Elliott on Evidence, section 1480."

Elliott on Evidence referred to in the foregoing quotation says:

"In practically all the states of the union and by comity between the states, statutes providing that copies of records required by law to be kept, duly certified by the proper and legal custodian, are admissible in evidence to prove the contents without procuring the originals or in any manner accounting for their absence." 2 Elliott on Evidence, 1480.

It is our conclusion that the act of Congress does not restrict

the admissibility of evidence relating to the nonjudicial public records offered in this action.

■■■ II. The lower court held that the action of the court in the law action overruling defendants' demurrer to the petition for judgment on the note constitutes an adjudication of the defendants' claim that this action to set aside the deed was barred by the statute of limitations.

Appellants contend that the judgment entered in the law action, aided by attachment, commenced in Calhoun county in February, 1931, did not constitute an adjudication of the present action to set aside the deed on account of fraud. That case was for the recovery of a balance due on the $26,000 promissory note. Under the attachment issued therein, the equitable interest of the defendants, Henry and Emma Lange, in the Calhoun county, Iowa, real estate was levied on. The ground of attachment was that the defendant, Henry Lange, as owner of said real estate, conveyed his interest to the defendant, Ernest Lange, on May 21, 1925, without consideration, for the purpose of hindering, delaying, and defrauding his creditors. That being a law action, the court had no jurisdiction to determine the question of the defendant's equitable interest in the said real estate.

A levy upon an equitable interest in real estate is authorized under sections 12105 and 12106 of the Code as follows:

"12105. In case of a levy upon any equitable interest in real estate, such entry shall show, in addition to the foregoing matters, the name of the person holding the legal title, and the owner of the alleged equitable interest, where known."

"12106. The grantor of real estate conveyed in fraud of creditors shall, as to such creditors, be deemed the equitable owner thereof, and such interest may be attached as above provided, when the petition alleges such fraudulent conveyance and the holder of the legal title is made a party to the action."

Section 12114 of the Code provides that:

"The plaintiff shall, from the time such property is taken possession of * * * have a lien on the interest of the defendant therein, and may, *either before or after he obtains judgment in the action in which the attachment issued, commence action by equitable proceedings to ascertain the nature and extent of such interest and to enforce the lien.*"

No equitable issue as to the "nature and extent" of defendant's equitable interest was presented for determination in the law action, and the court had no jurisdiction to determine it. The lower court entered judgment in that action for the amount claimed. From the time of the attachment, therefore, appellee had a lien on whatever interest the defendant might, in an equitable action, be found to have therein, and the judgment entered in the law action provided that plaintiff have "the right, option and privilege to either transfer this action to * * * equity * * * for the purpose of * * * determining * * * whether the transfer of the real estate * * * was in fact fraudulent and for the purpose of hindering, delaying and defrauding * * * creditors."

The determination of the "nature and the extent" of the interest of Henry Lange in the real estate attached was wholly cognizable in equity, and is the very question involved in the present action. The issues here are purely equitable and were not issues presented in the law action. A judgment entered in one action is not res adjudicata in another action in which the issues are not the same. 34 C. J. 894; 34 C. J. 943, section 1343; 15 R. C. L. 970; Gordon v. Kennedy, 36 Iowa 167; Federal Reserve Bank v. Geannoulis, 203 Iowa 1385, 214 N. W. 576; United States v. Southern Pacific Co., 259 U. S. 214, 42 S. Ct. 496, 66 L. Ed. 907.

In Federal Reserve Bank v. Geannoulis, 203 Iowa 1385, loc. cit. 1389, 214 N. W. 576, 579, this court said:

"It is too well settled to need citation of authority that an ordinary action on a promissory note is wholly a law action, and in no way savors of equity. * * * The question of whether or not the conveyance had in fact been made with the intent on the part of both the vendor and the vendee to defraud the vendor's creditors and the question of the amount of the equitable interest of the vendor, are wholly questions of equitable cognizance."

It is, therefore, our conclusion that the question here presented was not adjudicated by the judgment entered in the law action.

III. The chief complaint made by appellants is that the lower court erred in holding that the action to cancel the deed was not (1) barred by the statute of limitations, and in holding

(2) that appellee was not estopped by laches in failing to commence his action to cancel the deed within five years after it was recorded, and within five years after the indebtedness on the note matured.

It may be assumed for the purpose of this case that the deed in question was executed for the purpose of hindering, delaying, and defrauding creditors of the grantor, Henry Lange.

Appellants contend and the record shows that appellee's action for the balance due on the $26,000 note matured on February 14, 1925, when the entire indebtedness was declared due and the mortgage foreclosed.

The record also shows that the deed in question was executed and *recorded* in the office of the county recorder of Calhoun county, Iowa, on May 21, 1925. Appellants, therefore, contend that if this deed was fraudulent, plaintiff had notice thereof from the date of its recording on May 21, 1925, and this being an action to set aside a conveyance, it is barred by paragraph 5 of section 11007 of the Code of 1931, which provides that all actions "for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery," must be brought within five years. Section 11010 provides that the "cause of action shall not be deemed to have accrued until the fraud * * * [is] discovered."

■■■ It is the universal rule of law that the recording of an instrument in the recorder's office is notice to all the world of its contents. It is likewise the rule of law that if the contents of a deed reveal the existence of fraud or put any person reading the same upon inquiry thereof, the fraud is deemed discovered at the time such deed is placed on record. The act which is the foundation of the alleged fraud was the deed from Henry Lange to his son, and plaintiff was chargeable with notice of such act by the recording of the deed. Gardner v. Cole, 21 Iowa 205; Gebhard v. Sattler, 40 Iowa 152; Bishop v. Knowles, 53 Iowa 268, 5 N. W. 139; Laird v. Kilbourne, 70 Iowa 83, 30 N. W. 9; Hawley v. Page, 77 Iowa 239, 42 N. W. 193, 14 Am. St. Rep. 275; Francis v. Wallace, 77 Iowa 373, 42 N. W. 323; Mickel v. Walraven, 92 Iowa 423, 60 N. W. 633; Sims v. Gray, 93 Iowa 38, 61 N. W. 171; Nash v. Stevens, 96 Iowa 616, 65 N. W. 825; Clark v. Van Loon, 108 Iowa, 250, 79 N. W. 88, 75 Am. St. Rep. 219; Piekenbrock & Son v. Knoer, 136 Iowa

534, 114 N. W. 200; Burch v. Nicholson, 157 Iowa 502, 137 N. W. 1066.

This rule applies to nonresidents as well as to residents. Bishop v. Knowles, 53 Iowa 268, 5 N. W. 139; Clark v. Van Loon, 108 Iowa 250, 79 N. W. 88, 75 Am. St. Rep. 219.

Following these cases, it is necessary to hold that the plaintiff discovered the fraud in the deed at the time it was recorded.

■■■ (1) Appellee contends, however, that at the time of the discovery of the fraud, his right of action to set aside the deed had not accrued because he must first have had a lien upon the land by attachment or judgment, and that no such lien was secured until the commencement of the law action in February, 1931, for the balance due on the note.

There is a line of cases holding that although the fraud is presumed to have been discovered on recording of a deed claimed to have been made in fraud of creditors, the action to set aside the deed does not accrue until plaintiff's claim has been reduced to judgment, this being on the theory that the conveyance could not be attacked until after a lien was obtained against the property. Mickel v. Walraven, 92 Iowa 423, 60 N. W. 633; Stubblefield v. Gadd, 112 Iowa 681, 84 N. W. 917; 17 R. C. L. 742, section 106; 17 R. C. L. 755, section 121; Adams v. Holden, 111 Iowa 54, 82 N. W. 468.

In the case of Mickel v. Walraven, 92 Iowa 423, loc. cit. 429, 60 N. W. 633, 634, we said that:

"The effect of section 2530 of the Code [now section 11010], which we have quoted, is not to cause the action to accrue when the fraud is discovered whether the right of action is perfect or not, but to prevent the running of the statute as against a perfect right of action until the fraud is discovered."

In that case, we also said, 92 Iowa 423, loc. cit. 428, 60 N. W. 633, 634:

"At the time of the discovery of the fraud, however, plaintiff's right of action had not accrued. Before he could institute his action to subject the land to the payment of his claim, *he must have had a lien upon it either by attachment or judgment.* Clark v. Raymond, 84 Iowa 251, 50 N. W. 1068; Faivre v. Gillman, 84 Iowa 573, 51 N. W. 46; Gwyer v. Figgins, 37 Iowa 517; Gordon v. Worthley, 48 Iowa 429; Pearson v. Maxfield, 51 Iowa

76, 50 N. W. 77. * * * As plaintiff's cause of action did not accrue until he obtained his judgment on September 15, 1891, the statute did not begin to run until that time, although he had knowledge of the fraud, which he complains was perpetrated nearly eighteen years before; *and as he commenced this suit within a few months after he recovered his judgment, the action, strictly speaking, is not* barred. [Italics ours.] This is the holding in other states under similar statutes. [Citing cases.]"

In the case of Stubblefield v. Gadd, 112 Iowa 681, loc. cit. 687, 84 N. W. 917, 919 we said:

"Let it be conceded for the purpose of the case * * * that the conveyance * * * was in fraud of creditors, still we do not think plaintiff is entitled to a decree setting it aside. The conveyance was made in 1884. When recorded, notice was thereby given to all creditors of the character thereof. * * * Ordinarily, the statute would begin to run at that time. But plaintiff had not then reduced his claim to judgment, and consequently could not attack the conveyance."

Following the rule laid down by these cases, we are impelled to hold that as the plaintiff in the case at bar did not secure his judgment until April, 1933, and as he commenced his action to set aside the conveyance within a month thereafter, it necessarily follows that "strictly speaking," the action to set aside the deed is not barred by the statute of limitations.

Such is also the rule announced in many cases cited in a note attached to the case of Eckert v. Wendel, 120 Tex. 618, 40 S. W. (2d) 796, reported in 76 A. L. R. 855, loc. cit. 872. A number of cases are also cited in that note holding that a judgment is not a prerequisite to the running of the statute. Our conclusion, however, on the defense based on the statute of limitations is governed by the rule announced in Mickel v. Walraven and Stubblefield v. Gadd, supra.

Counsel for appellants argue with much persuasion that although no judgment was obtained until more than five years after the discovery of the fraudulent deed, the note, however, upon which the judgment was obtained, became fully matured in February, 1925, when the mortgage securing the note was foreclosed; and that plaintiff was, therefore, in a position to obtain the necessary judgment and lien more than five years

before commencing his action to set aside the deed. This is on the theory that a person holding a claim or right of action cannot be allowed to prolong the operation of the statute by refusing to take the steps which the law requires in order to authorize a maintenance thereof. Appellants, therefore, contend that although an action to set aside a fraudulent conveyance might not be commenced until after plaintiff secures a judgment or lien, such a lien could have been obtained by the commencement of an action aided by attachment at any time during the five-year period after plaintiff's cause of action matured; and that he should not be permitted to toll the five-year statute to set aside a fraudulent deed by his delay in securing judgment. If this were a new question in Iowa, we would feel inclined to give favorable consideration to such contention. As a contrary rule, however, is announced in Mickel v. Walraven and Stubblefield v. Gadd, supra, our ruling is controlled thereby.

(2) While it may be true that, strictly speaking, the statute of limitations does not bar this action, appellants contend that it is barred under the doctrine of laches because it was not commenced within five years after the execution and recording of the deed in question, and within five years after the maturity of the note. Although the action for the balance due upon the note was not commenced until 1931, the entire note, by the acceleration provisions of the mortgage, became due upon its foreclosure in February, 1925. Appellants therefore claim that plaintiff could have secured an attachment or judgment lien against the property in question more than five years before placing his claim in judgment, and within five years after recording the alleged fraudulent deed. They contend that by waiting more than the statutory period before commencing the action to set aside the deed, plaintiff is barred by laches from commencing his action thereafter. They contend that the action to reduce appellee's claim to judgment should have been commenced within a reasonable time after the maturity of said claim, and his failure so to do barred the action under the doctrine of laches.

Plaintiff's cause of action for the balance due on the note matured a few months prior to the execution and recording of the alleged fraudulent deed. No reason whatever is shown why the plaintiff could not have commenced his action to secure a lien by attachment or judgment within five years thereafter.

If, therefore, it can be said that plaintiff's cause. of action to set aside the deed was not strictly barred by the statute of limitations, because of the necessity of securing a lien by attachment or judgment prior to the commencement of the action to cancel the deed, such action should have been taken within a reasonable time thereafter, and that such reasonable time "unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations." Mickel v. Walraven, 92 Iowa 423, 60 N. W. 633, 635; Stubblefield v. Gadd, 112 Iowa 681, 84 N. W. 917.

"Generally speaking a court of equity will not set aside a fraudulent transaction at the suit of one who has been quiescent during a period longer than that fixed by the statute of limitations, after he had knowledge of the fraud, or after he was put upon inquiry with the means of knowledge accessible to him." 17 R. C. L. 742, section 106.

"Where some condition precedent to the right of action exists, * * * the cause of action does not accrue, nor the statute begin to run, until that condition is performed. * * * But when some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the claimant, *he cannot defeat the operation of the statute of limitations by a failure to act* or by long and unnecessary delay in taking the antecedent step. (Italics ours.) It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character." 17 R. C. L. 755, section 121; Reizenstein v. Marquardt, 75 Iowa 294, 39 N. W. 506, 1 L. R. A. 318, 9 Am. St. Rep. 477; Collman v. Equitable Life Assur. Soc. of U. S., 133 Iowa 177, 110 N. W. 444, 8 L. R. A. (N. S.) 1019; Bogart v. Porter Co., 193 Cal. 127, 223 P. 959, 31 A. L. R. 1045; Note, 47 A. L. R. 181.

In Mickel v. Walraven, 92 Iowa 423, loc. cit. 429, 60 N. W. 633, 634, this court said:

"While, as we have said, the action is not, strictly speaking, barred by the statute, yet there must be some limitation to the right of putting the claim in judgment. A party will not be

allowed to postpone the running of the statute indefinitely. *. * * If no cause for delay can be shown, it would seem reasonable to require the judgment to be obtained within the time limited by the statute for bringing the action. In accordance with this rule it has frequently been held that where a demand or some other act is required of a plaintiff as a condition precedent to his right to sue, the demand must be made in a reasonable time, and this time, unless there be some special circumstances shown, will be fixed in analogy to the statute of limitations. Codman v. Rogers, 10 Pick. [Mass.] 112; Palmer v. Palmer, 36 Mich. 487 [24 Am. Rep. 605]; Pittsburgh Railway Co. v. Byers, 32 Pa. 22 [72 Am. Dec. 770]; Wenman v. Mohawk Ins. Co., 13 Wend. [N. Y.] 267, 268 [28 Am. Dec. 464]; Picquet v. Curtis, Fed. Cas. No. 11,131, 1 Sumn. 478; Raymond v. Simonson, 4 Blackf. [Ind.] 77; Holmes v. Kerrison, 2 Taunt. 323; Stanton v. Stanton's Estate, 37 Vt. 411; Kraft v. Thomas, 123 Ind. 513, 24 N. E. 346 [18 Am. St. Rep. 345]; Keithler v. Foster, 22 Ohio St. 27; Morrison's Adm'r v. Mullin, 34 Pa. 12; Phillips v. Rogers, 12 Metc. (Mass.) 405; McDonnell v. Branch Bank, 20 Ala. 313. * * *

''There is also another line of authorities in this state which announce the rule that where a party holds a claim or right of action against another *he cannot be allowed to prolong the operation of the statute of limitations by failing or refusing to take the steps which the law requires in order to authorize the maintenance of the action.* [Italics ours.] * * * Baker v. Johnson County, 33 Iowa 151; Prescott v. Gonser, 34 Iowa 175; Hintrager v. Hennessy, 46 Iowa 600; Squier v. Parks, 56 Iowa 407, 9 N. W. 324; Lower v. Miller, 66 Iowa 408, 23 N. W. 897; Hintrager v. Traut, 69 Iowa 746, 748, 27 N. W. 807; Great Western Telegraph Co. v. Purdy, 83 Iowa 430, 50 N. W. 45. Should we apply this doctrine to the case at bar, then it is apparent from the facts before stated that the action as to the Clinton county land is barred. Without expressly deciding whether the action is, strictly speaking, barred by the statute or not, we do hold that plaintiff is not in position, by reason of his laches, to enforce his claim against the Clinton county land.''

During the period between the maturity of the debt on the note and the time of the commencement of the action thereon, both statutes of limitations were running, but the fact that the

statute of limitations for the commencement of an action upon the note continued for a period of five years longer than the statute of limitations for the commencement of an action to set aside the deed, would not necessarily prevent appellee from being barred by his laches in failing to commence his action within the statutory five-year period after the debt matured. Appellee, of course, had an additional period of time to commence his action upon the note, but if he, as a creditor, desired to take advantage of his right to commence an action to set aside the fraudulent conveyance within the statutory period for so doing, it necessarily follows, unless good cause to the contrary is shown, that it was incumbent upon him to accelerate the commencement of his action upon the note in order to secure a lien against the property in question within the five-year statutory period. Under the record in this case, we are constrained to hold that in order to sustain his right to commence an action to set aside the deed, it was incumbent upon appellee to do so within the period fixed by the statute of limitations, and his failure so to do, in the absence of any good cause, constitutes such laches as to bar him from doing so thereafter. So while we do not hold that the action is barred by the statute of limitations, we do hold that plaintiff's action to set aside the alleged fraudulent conveyance is barred by reason of his laches.

For the reasons hereinabove expressed, the decree of the lower court is reversed, and the case remanded for a decree in harmony herewith.—Reversed and remanded.

DONEGAN, C. J., and ALBERT, HAMILTON, ANDERSON, PARSONS, RICHARDS, and STIGER, JJ., concur.