**MONROE, Trustee in Bankruptcy, v. ORDWAY et al.**

**No. 11421.**

Circuit Court of Appeals, Eighth Circuit.

May 15, 1939.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, Iowa, for appellant.

L. M. Hullinger, of Lamoni, Iowa, for appellees.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

PER CURIAM.

This is a plenary suit in equity brought by a trustee in bankruptcy against the bankrupt and her husband seeking a decree to set aside and cancel a deed conveying real estate from the bankrupt to her husband on the ground that the conveyance was without consideration and that the deed was made and accepted to hinder, delay and defraud the bankrupt's creditors. It was further alleged that the grantee had never taken possession of the land.

The answer admitted the execution and delivery of the deed, denied the alleged fraud, and pleaded the bar of the statute of limitations and laches.

By amendment to the complaint the trustee alleged that the grantee named in the deed never became the owner of the real estate described therein; that the deed was never delivered as a conveyance; and that the parties never intended that the

814

deed should have any force and effect. By answer the averments of the amendment to the complaint were denied.

The defendants moved for summary judgment upon the pleadings in accordance with the provisions of rule 56, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion was sustained and judgment was entered dismissing the complaint on the ground that the cause of action was barred by laches. The trustee appeals.

▮ It appears that the deed which the trustee sought to have canceled as a fraudulent conveyance was executed and delivered on June 20, 1932. It was recorded on the following day. This suit was commenced in the district court July 16, 1938, more than six years after the deed was recorded. Section 11007 of the Code of Iowa of 1935 provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards. * *· *

"5. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery * * * within five years."

The Supreme Court of Iowa construed this statute, and other pertinent sections of the Iowa Code in their application to a suit in equity to set aside a conveyance of real estate in fraud of creditors, in Bristow v. Lange, 221 Iowa 904, 266 N.W. 808, 815 (May 5, 1936). The court there said: "So while we do not hold that the action is barred by the statute of limitations, we do hold that plaintiff's action to set aside the alleged fraudulent conveyance is barred by reason of his laches." In that case the debt was due, or could have been declared due under the acceleration clause for default, prior to the recording of the fraudulent deed and more than five years prior to the commencement of the suit. In the present case only one creditor appears to have secured the allowance of its claim in bankruptcy. Its claim was based upon a note past due when the deed was recorded.

In the instant case the district court sustained the motion for summary judgment in reliance upon the decision of the Supreme Court of Iowa in the Bristow case, supra. Counsel for appellant say: "We concede that if an actual conveyance, whether fraudulent or not, is recorded and continues of record for the five-year statutory period, that a suit to set aside the same would be barred by the statute of limitations."

But, they say, this case is different because in the complaint as amended it is alleged that the deed was never delivered as a conveyance of real estate; that it never became effective; that the grantee never took possession of the real estate; and that it was never the intention of the grantor and grantee that the deed should have any effect. It is contended that, since in passing upon the motion these allegations must be taken as true, the court erred in dismissing the cause of action.

▮ It is very doubtful whether the allegations of the complaint as amended and now relied upon amount to more than a specification of the elements of fraud intended to be pleaded as grounds for cancellation. But, if appellant means that the real estate was owned by and in the possession of the bankrupt at the time her petition in bankruptcy was filed and at the time of the adjudication, a plenary suit in equity to cancel the sham deed is not the proper remedy; and the court did not err in dismissing the suit. The trustee, under such circumstances, has ample remedy under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., by summary proceedings. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Central Republic Bank & Trust Co. v. Caldwell, 8 Cir., 58 F.2d 721; Sproul v. Levin, 8 Cir., 88 F.2d 866, 868, 869. The claim that the cause of action should not have been dismissed for the reason now urged, so far as the record discloses, was not presented to the lower court and is not referred to in the assignment of errors.

The court did not err in dismissing the complaint upon the pleadings.

Affirmed.