# Armstrong *versus* Levan.

1. Where within six years after the right to an action of tort accrues a parol promise is made to pay, if suit be not brought, such promise will operate by way of estoppel to toll the Statute of Limitations.

2. In such case the Statute will run from the date of such promise.

3. A. obtained a judgment against B., which C., a prothonotary, incorrectly indexed. B's real estate was sold at sheriff's sale, and the Court of Common Pleas, in distributing the proceeds of such sale, postponed A.'s judgment to other judgments, which were subsequently entered and correctly indexed. C., within six years after his mistake in indexing, asked A. not to sue and promised her that if she would not sue he, C., would make good any loss which A. might suffer. On C.'s failure to do so, A. brought suit against him more than six years after the mistake in indexing was made, but within six years after the said promise.

*Held*, that the Statute of Limitations was no bar to the action.

*Held*, further, that the correctness of the award of the proceeds of B's real estate to the junior judgment creditors could not be attacked in this collateral proceeding.

March 2d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Berks county:* Of January Term 1885, No. 17.

This was an action on the case by Hannah Levan against Ephraim Armstrong, the prothonotary of Berks county, to recover damages caused the plaintiff by the wrongful and negligent failure of defendant to properly index a judgment entered by the plaintiff against Enoch Rohrbach. The defendant pleaded the general issue and the Statute of Limitations.

On the trial, before HAGENMAN, P. J., it appeared that on April 9, 1874, the plaintiff entered the judgment in question in the Court of Common Pleas of Berks county against Enoch Rohrbach for $1,000. The defendant, who was at that time the prothonotary of said county, properly entered the judgment but erroneously indexed the same as against Enoch Rothenberger. On November 11, 1878, two judgments in favor of one James Singmaster were entered against Rohrbach in the sum of $759. On April 8, 1879, the plaintiff, by her attorney, Hiram Y. Kaufman, issued a scire facias to revive the judgment, and the mistake in the indexing was then discovered. Kaufman testified that upon this discovery he went to see the defendant in reference to the matter. "I said to him that he had made this mistake, or if not he, his clerk, and that unless this matter was fixed up I would be obliged to sue. He then made the remark that he would have to see his lawyer first, Mr.

13 OUTERBRIDGE—12

Reber. On the afternoon of the same day, I think it was, he came to my office, alone that time, and he said that I should see Mr. 'Reber; and I said to him again what I said in the morning in reference to suing. He said that I should not sue, that if Mrs. Levan suffered any loss by reason of this mistake he would make it good to her; that she should not lose anything through his mistake. That was in the spring of 1879, I think during the first days of April."

The defendant denied the fact of this promise. The judgment was revived for $1,068.83, and the plaintiff issued execution thereunder, and Rohrbach's real estate was sold for $1,325. The Auditor, appointed to distribute the amount, awarded to Singmaster as first lien creditor the full amount of his judgments, and the balance of the fund, consisting of $403.24, was awarded to plaintiff in part payment of her claim. This report was subsequently confirmed by the Court.

Thereupon the plaintiff brought this action against Armstrong.

The defendant presented the following point:—

" 4. That under the pleadings and all the testimony in the case the verdict must be for defendant." Answer. Refused.

The Court left it to the jury to determine whether Armstrong had made the verbal promise testified to by Kaufman, instructing them that such a promise, if made, would bar the running of the Statute, and the six years would begin to run from the date of such promise; that if they found that the promise was made, their verdict should be for the plaintiff, otherwise for the defendant.

Verdict for the plaintiff for $757.68 and judgment thereon. The defendant took this writ of error, assigning as error the refusal of his point and the said instructions of the Court.

*Henry C. G. Reber* (with him *Simon P. O'Reilly*), for the plaintiff in error.—When a right of action founded in tort is once barred by the Statute of Limitations no subsequent acknowledgment or promise will take it out of the Statute: Hurst *v.* Parker, 18 Eng. Com. L. R. 323; Oothout *v.* Thompson, 20 Johnson, 279; Brand *v.* Longstreet, 1 South (N. J.), 325; Galligher *v.* Hollingsworth, 3 Har. & M. (Md.), 122; Fritts *v.* Slade, 9 Hun., 145; Goodwyn *v.* Goodwyn, 16 Geo., 114; Ott *v.* Whitworth, 8 Humph., 494.

Our fourth point should have been affirmed by the Court, because the record testimony established the fact, that the plaintiff's judgment was properly entered in the judgment docket, although erroneously indexed in the judgment index. The subsequent Singmaster judgments therefore acquired no

[Armstrong v. Levan.]

prior lien, notwithstanding the finding and the decision of the Auditor: Bickel's Appeal, 15 W. N. C., 234.

*H. Y. Kaufman*, (with him *Frank R. Schell*), for the defendant in error.

Mr. Justice Paxson delivered the opinion of the court, October 5th, 1885.

The defendant below was sued for breach of official duty as prothonotary in not properly entering a judgment, by means whereof its lien was postponed and the plaintiff suffered a loss.

The defendant pleaded the general issue and the Statute of Limitations. To meet the plea of the statute the plaintiff called a witness, who testified as follows: " After I discovered that there was no judgment in favor of Hannah Levan against Enoch Rohrbach, but there was one against Enoch Rothenberger, which I knew from the number to be meant as the one against Rohrbach, I went to see Mr. Armstrong in reference to the matter. I said to him that he had made this mistake, or if not he, his clerk, and that unless this matter was fixed up, I would be obliged to sue. He then made the remark that he would have to see his lawyer first, Mr. Reber. On the afternoon of the same day, I think it was, he came to my office, alone that time, and he said that I should see Mr. Reber; and I said to him again what I said in the morning in reference to suing. He said that I should not sue; that if Mrs. Levan suffered any loss by reason of this mistake, he would make it good to her; that she should not lose anything through his mistake. That was in the spring of 1879, I think during the first days of April."

The court below held that this evidence, if believed by the jury, was sufficient to bar the running of the statute; and that the six years would only commence to run from the date of such promise.

The plaintiff in error has given us an elaborate argument to show that a promise to pay after the statute has run, will not revive a tort, and has cited numerous authorities in support of this proposition. We concede his law to be sound; his authorities fully sustain his point. The difficulty in his way is they do not meet his case. It was not the question of the revival of a tort by a promise to pay made after six years. The conversation referred to occurred before the statute had run, and it was a distinct promise to pay in consideration that the plaintiff below would not sue. If, therefore, she relied upon this promise; if she was thereby lulled into security, and thus allowed the six years to go by before she commenced her suit, with what grace can the defendant now set up the statute? The

[Geier *v.* Shade.]

promise operated not to revive a dead tort, but as by way of estoppel. It has all the elements of an estoppel. The plaintiff relied and acted upon it; she has been misled to her injury; but for the defendant's promise she would have commenced her action before the six years had expired. We think the learned judge below was right in holding that the six years would only commence to run from the date of the promise.

The defendant's fourth point called upon the court to instruct the jury that under the pleadings and the evidence in this case the verdict should be for the defendant. This the court declined to do. It was urged in support of this point that the record testimony established the fact that the plaintiff's judgment was properly entered in the judgment docket although erroneously indexed in the judgment index; and that the subsequent Singmaster judgment, therefore, acquired no prior lien, notwithstanding the finding and decision of the Auditor.

This is to ask us to overrule the Auditor and court below upon the question of distribution, arising in another and distinct proceeding. We find no trace in this record that any such question was made in the court below. The learned judge makes no reference to it, and no such specific point was put to the court. That question has been settled by a court of competent jurisdiction, and it shows that the plaintiff has lost a portion of her money by reason of the defendant's mistake. This is sufficient to entitle her to recover.

Judgment affirmed.

Mercur, C. J., and Gordon, J., dissented.