O. M. BUNDY, Appellee, v. GRINNELL CANNING COMPANY, Appellant.

No. 41549.

OCTOBER 25, 1932.

REHEARING DENIED FEBRUARY 14, 1933.

J. H. Patton, for appellee.

J. G. Shifflett, for appellant.

■ Evans, J.—It appears from the petition that Moore was the tenant of the plaintiff in 1930 upon a farm of 100 acres. On August 15, 1930, Moore sold and delivered to the defendant sweet corn to the value of $145.00 and collected his pay for the same. His lease was drawn to expire on March 1, 1931. On January 31, 1931, the plaintiff made demand upon the defendant for the payment of the proceeds of the sweet corn. On Feb. 6, 1931, he repeated such demand. On July 17, 1931, he made a written peremptory demand.

It is averred that at the time and times of each of said demands the defendant asked for time to enable him to see Moore. These requests on the part of the defendant furnish the basis of the plaintiff's plea of estoppel as against the statute of limitations. The specific allegations are as follows: .

It is alleged that at the time of the first demand "the defendant company asked the plaintiff for time that he might see the said *J. B. Moore and arrange with him about paying the plaintiff's demand;* that at the time of said demand the plaintiff threatened to bring suit against the defendant company to recover of it the value of said sweet corn, to wit: $145.20; that at the time of said demand the said George R. Kelley, Manager of the defendant company, orally asked for further time before making a settlement for said corn and asked that plaintiff do not bring suit for said claim *until he could see the said J. B. Moore and Martha Moore and arrange for the payment of said claim;*"

That following the demand of February 6, 1931, "again the said George R. Kelley, Manager of the defendant company, asked for further time and asked that plaintiff do not bring suit for said claim *until he could see the said J. B. Moore and Martha Moore and arrange for the payment of said claim.*"

On July 17, 1931, demand was made by letter, Exhibit B, which was in part as follows:

"Mr. Bundy has left the matter with me for adjustment. The landlord's *lien will expire August 28, 1931,* and it will be necessary for him to take steps to secure himself before that date.

"I have figured the amount of the note up to July 23, 1931, and the amount of the proceeds of the sale of the 1930 crop of sweet corn to you by J. B. Moore must be paid over by you on or before July 23, 1931, to save further action."

It is averred that after the letter of July 17, 1931, "George R.

Kelley again orally requested further time to *adjust the matter* and plaintiff states that at the repeated oral requests of the defendant company, through its manager, George R. Kelley, at the time and times referred to, he, the plaintiff, *did desist from bringing suit against the defendant company* for the amount of said claim, and plaintiff avers that because of the matters and things alleged in this paragraph that the defendant company is estopped to deny its liability to plaintiff on the claim sued on and is estopped to rely upon the expiration of plaintiff's landlord's lien under and by virtue of the lease Exhibit A, or under and by virtue of the statutory lien given by the statutes of Iowa."

The demurrer of the defendant is predicated upon the statutory limitation and the failure of the plaintiff to begin his action within six months after the expiration of the lease. The demurrer also challenges the sufficiency of the plea of estoppel in avoidance of the limitation. Unless the plaintiff's plea of estoppel can be sustained, then without dispute the plaintiff has failed to bring his action within the statutory period.

We held originally in Nickelson v. Negley & Sherwin, 71 Iowa 546, that an action of this kind must be brought by the landlord, if at all, within six months after the expiration of the lease. The same holding has been made in the following cases: Boyd v. Stipp & Harlan, 151 Iowa 276; Miller & Chaney Bank v. Collis, 211 Iowa 859, 860; Andrew v. Marshalltown State Bank, 208 Iowa 1184. The plaintiff does not contend otherwise and we need spend no time on this particular feature of the discussion.

The point pressed by the plaintiff is that he has pleaded a good estoppel. The substance of his argument is that upon each repeated demand made upon it, the defendant impliedly promised to pay the debt and asked for time for that purpose.

The question naturally arises, Does an oral promise to pay a debt toll the statute of limitations? The statute expressly provides that a promise in writing to pay a debt will toll the running of the statute. The inference would seem to follow logically that an oral promise would not toll the statute of limitations. Moreover the plaintiff does not plead in terms a promise to pay. The contention of the argument is that such was the fair implication of what was said by the defendant. Taking the pleading of the plaintiff at its face, the inference seems to arise that Kelley's purpose was to see

Moore, the tenant, and induce him to pay his landlord and thereby to relieve the defendant of controversy.

Broadly speaking an estoppel must ordinarily be predicated upon some statement of existing fact, and not upon a *promise* to pay or perform. Where a party promises to pay, he is liable upon his promise, as such, if liable at all. Of course a mutual agreement between parties becomes binding upon both of them. There is a sense in which it may be said that both parties are estopped by their agreement from claiming anything inconsistent therewith. But even so, this is no more than to say that the parties are bound by their agreement. No mutual agreement is pleaded here. If defendant impliedly agreed to pay on condition that time be given him, yet there was no agreement on the part of the plaintiff to give him time. According to the petition, the plaintiff did in fact "desist." But he never *agreed* to desist. He never bound himself to desist. This is clearly indicated by the letter of July 17, 1931. Previous demands had been made and the defendant had asked time to consult with Moore at each demand according to the petition. But the plaintiff did not consider himself bound by any promise to grant delay. His desisting was by sufferance only. His desisting from time to time within the period of the statute of limitations worked no legal disadvantage upon him. His rights were in no manner impaired by such desisting. A request by the defendant that the plaintiff should desist until after the expiration of the statute of limitations and a promise by the plaintiff to do so might work a legal disadvantage upon the plaintiff and would present a somewhat different question for our consideration.

The objective of the doctrine of estoppel is to prevent fraud, actual or constructive. It interposes itself against a party who is about to receive advantage from his own deception of his adversary. No fraud, actual or constructive, is disclosed in this petition. And this would be so even though it appeared that Kelley *promised* to pay the claim. But no such promise is pleaded; nor is there any claim that Kelley contemplated, in his request, an extension of time beyond the statutory period of limitation.

The plaintiff places some reliance upon the case of Goodwin v. Merchants' & Bankers' Mut. Ins. Co., 118 Iowa 601. That was an action upon an insurance policy. The policy provided that action thereon must be brought within six months after maturity of the claim. The plaintiff brought her action within such period. There-

after by mutual agreement both plaintiff and defendant agreed to arbitrate. Pursuant to such agreement the plaintiff dismissed her suit without prejudice. Thereafter the defendant refused to perform the agreement of arbitration. Because of such refusal the plaintiff again brought her action after the expiration of the six-month period provided in the policy. The defendant-Company pleaded the proviso in the policy as a bar to the action. We held that the provision was waived by the Company by its agreement of arbitration and by its failure to perform the same. The *statute* of limitation was not involved in that case.

In Holman v. Railway & Bridge Co., 117 Iowa 268, there was an agreement between plaintiff and defendant that plaintiff should defer suit until after the expiration of the period of limitation and that the defendant would waive the statute of limitation. The agreement was held to estop the defendant from pleading the statute.

The law on this subject is quite fully considered in McKay v. McCarthy, 146 Iowa 546. The questions involved herein are quite fully discussed in the opinion in that case. In lieu of further discussion on our own part, we quote from the cited case:

"Moreover, if a promise to pay may be interposed by way of a plea in estoppel to defeat the bar of the statute of limitations, then the provision of section 3456 of the Code that a debt is revived by a written promise to pay signed by the party to be charged is nugatory, for, though a like oral promise may not revive the claim, it would be quite as effective in estopping the promisor from availing himself of the benefit of the statute. These views find support in Monroe v. Herrington, 110 Mo. App. 509 (85 S. W. 1002), where an indorser of a promissory note agreed to pay any balance left, after collecting what could be out of the estate of another indorser, with a request not to sue until such estate had been settled. The court held the promise and requests not to estop the defendant from taking advantage of the statute. Bank of Tennessee v. Hill, 10 Humph. (Tenn.) 176 (51 Am. Dec. 698), was an action against an indorser on a bill of exchange. Hill, when pressed for payment, requested the bank to enforce collection against a prior indorser, and pointed out land belonging to the latter. The bank acquiesced, and instituted suit as requested and attached the land, but it was exhausted by superior liens, and, owing to the law's delays, the statute of limitations run in favor of Hill before suit was begun

against him. The court held that he was not estopped from interposing the plea of the statute in bar, regarding it as 'the common case of one who induces an indulgent creditor not to sue by promises to pay, or by protestations that he is not pecuniarily liable, or that he ought not to be sued before the remedy against those who are has been exhausted. whereby he becomes released by the operation of time. In all such cases, it becomes the imperious duty of the creditor, if he wish to be protected against the bar of time, so to contract; to hold otherwise would be to destroy the defense of the statute of limitations, which has of late years been looked upon most favorably both at law and equity.' See Andrea v. Redfield, 98 U. S. 225 (25 L. Ed. 158). The only decision we have been able to find holding to the contrary is Armstrong v. Levan, 109 Pa. 177 (1 Atl. 204). There, a prothonotary in entering judgment inserted another name instead of defendant's, and upon being informed by the plaintiff's attorney that, unless settled, suit for damages would be brought, assured him that if his client suffered any loss he would make it good, and would see that she lost nothing through his mistake. Suit was not begun against him until after the lapse of the statutory period, and the court, construing the promise as one to pay, held that it estopped defendant from interposing the plea of the statute of limitations. The court in Monroe v. Herrington, supra, declined to follow the decision. The vice in its reasoning lies in the assumption that the promise might be relied on as an inducement not to institute suit within the statutory period. The promise put the complainant under no obligation to forbear suing, if it were not kept. She knew this quite as well as defendant, and was quite as well aware as he within what time an action for misfeasance must have been brought. Surely, then, it was not of a character calculated to mislead her into unduly postponing the action, and for this reason, in all deference to that court, a different conclusion might well have been reached. Such a case differs essentially from those deciding that an agreement to refer to arbitration and perform the award will estop the parties from taking advantage of the statute, for another mode of adjusting the differences of the parties has been agreed upon, the necessary effect of which is to prevent either party from prosecuting his cause of action. Neither in Armstrong v. Levan, supra, nor in the case at bar was there a promise to forbear suit in consideration of the alleged promise to pay, and, for all that appears, suit might have been begun at any

time, as in Monroe v. Herrington, supra, where this was regarded as a controlling circumstance. The decided weight of authority is to the effect that the statute may be pleaded unless waived by an agreement express or clearly to be implied that this will not be done. In the case at bar, the plaintiff may have made a mistake in forbearing the beginning of suit in consideration of the defendant's promise, but having done so furnishes no reason for allowing him to repent of his bargain after the lapse of the period within which the action for deceit might have been maintained, and, abandoning his claim on the promise, prosecute the action for deceit. Having elected to rely on the promise, it is not available to estop defendant from interposing the plea that his action for deceit was not instituted within the statutory period."

Needless that we add argument to the foregoing. It is quite conclusive against the position of the appellee.

The judgment is accordingly—Reversed.

STEVENS, C. J., and DE GRAFF, ALBERT, KINDIG, WAGNER, and BLISS, JJ., concur.