O. N. OLSON, Appellant, v. ANNA L. LARSON et al., Appellees.

No. 46119.

APRIL 6, 1943.

REHEARING DENIED SEPTEMBER 27, 1943.

O. N. Refsell, of Estherville, for appellant.

Lee & Anderson, of Estherville, for appellees.

GARFIELD, C. J.—The appeal involves the sufficiency of plaintiff's original petition and his amended and substituted petition as against the attack that his cause of action was barred by laches.

The original petition, filed February 13, 1939, alleged that on February 7, 1939, plaintiff procured a judgment against Anna L. and Samuel Larson for $6,548 on a debt owing since long before 1932; on March 24, 1932, the Larsons deeded to one Knudson the undivided half interest of Anna L. Larson in a certain 160-acre farm in Emmet county; on the same day Knudson deeded said interest to Helen Burtness, the owner of the remaining half interest; both deeds were without valuable consideration and left the Larsons without sufficient property to pay their debts, were voluntary and made for the purpose of defrauding creditors of the Larsons, including plaintiff. The prayer was that the deeds be set aside as in fraud of creditors, that plaintiff's judgment be decreed a lien upon the land, and for such other relief as appeared equitable.

In the third amendment to the petition it was alleged that the indebtedness arose in 1921 by a loan to Samuel Larson and two of his sons; that renewal notes due in 1932 were made in 1931, when Anna L. Larson became a signer. It was also alleged, in substance, that since the time of said conveyances, defendant Anna L. Larson has continued to retain control of said premises, received rents therefrom, and participated in arranging for and making repairs upon the premises; that in 1937 defendants Anna L. Larson and Helen Burtness together purchased a dwelling house and caused it to be moved upon the land, each paying half the cost; that they have also continued to negotiate together for the renting of said premises and Anna L. Larson has continued to exercise the same degree of control and management as before the time of said conveyances, all with the approval of Helen Burtness. Later on, we will refer to allegations of this amendment which it is claimed give rise to an estoppel.

Defendant Helen Burtness filed a motion to dismiss, contending that the petition showed on its face that the action was barred by laches. The parties stipulated that the deeds in

question were duly filed and recorded on the date of their execution, March 24, 1932. Judge Hudson sustained the motion. Plaintiff assigns error in the ruling.

We think the ruling was correct. The deeds were made and recorded on March 24, 1932. This suit was started on February 13, 1939. Plaintiff's note matured in 1932. His judgment was procured February 7, 1939. It is settled in this state that due filing and recording of a fraudulent conveyance constitutes notice not only of the conveyance but of its fraudulent character. The creditor is deemed to have discovered the fraud at that time. Some of our decisions to that effect are: Laird v. Kilbourne, 70 Iowa 83, 86, 30 N. W. 9; Mickel v. Walraven, 92 Iowa 423, 428, 60 N. W. 633; Bristow v. Lange, 221 Iowa 904, 912, 266 N. W. 808; Somers v. Spaulding, 229 Iowa 432, 435, 294 N. W. 610, 133 A. L. R. 1300. See, also, annotation 76 A. L. R. 864, 870; Wait on Fraudulent Conveyances, 3d Ed., 515, section 292. We may observe, however, that it appears here, from an amendment to the petition, that plaintiff had actual knowledge of these deeds and their alleged fraudulent character long before his right to bring this suit could have been barred by laches.

Where, as here, relief is sought on the ground of fraud, the action must be brought within five years from the time the cause of action accrued. Section 11007 (5), Code, 1939. If plaintiff's demand had been reduced to judgment on March 24, 1932, when these deeds were made and recorded, the statute of limitations would have then commenced to run. We have said that, strictly speaking, such a cause of action as is here asserted does not accrue nor the statute commence to run until the creditor has procured a lien by judgment or attachment. This is because ordinarily, subject to certain exceptions, such a lien must be procured before action can be brought to set aside the debtor's fraudulent conveyance. Mickel v. Walraven, 92 Iowa 423, 428, 60 N. W. 633; Stubblefield v. Gadd, 112 Iowa 681; 687, 84 N. W. 917; Bristow v. Lange, 221 Iowa 904, 914, 266 N. W. 808. See, also, annotation 76 A. L. R. 864, 872; 24 Am. Jur. 306, section 175; Bump on Fraudulent Conveyances, 4th Ed., 528, section 535.

However, an existing creditor cannot by inaction in the re-

ducing of his claim to judgment postpone indefinitely the running of the statute. And where he fails to secure his judgment or other lien within the statutory period from the time he has knowledge or notice of a fraudulent conveyance, ordinarily he will be denied the right because of laches, in the absence of special circumstances, thereafter to set aside the conveyance. Somers v. Spaulding, 229 Iowa 432, 436, 294 N. W. 610, 133 A. L. R. 1300, and cases cited; 24 Am. Jur. 323, section 202. Since, therefore, plaintiff waited to obtain judgment for nearly seven years from the recording of these deeds, his action is barred unless special circumstances are pleaded.

Plaintiff contends he pleaded facts which estop the grantee from asserting laches. He alleged in his third amendment that he had long been acquainted with the Larsons and the grantee, Helen Burtness, and had confidence in them; plaintiff told the grantee that Mrs. Larson was indebted to him; the grantee told plaintiff that Anna L. Larson had put the land in her name only so that it could not be reached by holders of several mortgages which Mrs. Larson had signed; plaintiff understood and believed that said conveyance was made only for the purpose of preventing holders of such mortgages from reaching the land, and not to prevent plaintiff from collecting his indebtedness; plaintiff relied upon said statements by Helen Burtness, and upon the long acquaintance and friendly relations with the parties, and the confidence he had in them, and did not take steps to reduce the indebtedness to judgment; Helen Burtness is therefore estopped to assert that plaintiff has been guilty of laches.

We think such allegations are insufficient basis for an estoppel against the grantee from asserting laches. The claim of friendship and confidence is clearly of no avail. Every person who lends money has confidence in the borrower. There is no claim of a fiduciary relation nor, as in Ream v. Ream, Iowa, 158 N. W. 468, that plaintiff and defendants were members of the same family.

Nor would plaintiff's reliance upon the statement by the grantee that the conveyances were made only so that the land could not be reached by other creditors form the basis of an

estoppel. Knowledge by plaintiff that the deed was made to defraud certain of Mrs. Larson's creditors naturally should have caused plaintiff to act more promptly rather than to delay. In Kallem v. Kallem, 229 Iowa 985, 997, 295 N. W. 826, we held such a suit as this was barred by limitations and laches even though the creditor had confidence in the debtors and was told that the transaction was to keep certain other creditors "from getting ahold of the estate."

Plaintiff does not allege that Helen Burtness requested or induced him to delay action, nor that she prevented his bringing suit, nor that she agreed not to interpose such defense, nor that she deceived him in any way. It is not alleged that the grantee's statement to plaintiff was for the purpose of obtaining the delay of which she now seeks to take advantage. As tending to support our conclusion that the grantee is not estopped to assert the defense of laches, though not in point on the facts, see Bundy v. Grinnell Canning Co., 215 Iowa 674, 244 N. W. 841; McKay v. McCarthy, 146 Iowa 546, 123 N. W. 755, 34 L. R. A., N. S., 911. For a full discussion of the subject of estoppel to plead limitations, see annotation 130 A. L. R. 8.

■ Following the dismissal of plaintiff's original petition, an amended and substituted petition was filed in which all of the allegations of the original petition as amended were again pleaded, with some amplification. Plaintiff also alleged, in an attempt to avoid the bar of laches, that said conveyances were intended by the parties to create a secret trust for the benefit of Anna L. Larson and were not intended to pass any beneficial interest to Helen Burtness; Anna L. Larson in fact continued after said conveyances to enjoy the same beneficial interest in the real estate as before and continued to share the rents, incomes, and profits therefrom and to exercise control and management as before; Anna L. Larson from the time of said conveyances was, and still is, the real owner of said undivided half interest in the real estate.

In addition to substantially repeating the prayer of the original petition that the deeds be set aside as fraudulent, plaintiff asked in this amended petition that Anna L. Larson be decreed the owner of said undivided half interest in the real estate and that it be subjected to the payment of his judgment.

Defendant Helen Burtness moved to strike this amended and substituted petition on the ground that it was substantially a restatement of the original petition and alleged no new material matters. Judge Davidson sustained this motion. Thereafter, plaintiff elected to stand on his amended petition and not to plead further as to defendant Helen Burtness. Judgment was thereupon entered against plaintiff.

We think the amended petition was properly stricken. The question presented is whether the bar of laches, which has been so frequently upheld by us in actions of this kind, can be avoided by pleading that a secret trust for the benefit of the debtor grantor was intended and that the real ownership of the property remained as before. This question was decided contrary to plaintiff's contention in Sims v. Gray, 93 Iowa 38, 41, 42, 61 N. W. 171. The opinion cites Stone v. Brown, 116 Ind. 78, 18 N. E. 392, and Musselman v. Kent, 33 Ind. 452, in support of the conclusion that the statute of limitations in a case of this nature cannot be avoided on the theory that the grantee holds the property in trust for the grantor. These Indiana cases hold that such a trust as applies to a fraudulent grantee in favor of the grantor's creditors does not avoid the statute of limitations.

While Sims v. Gray is the only Iowa decision squarely passing on this question, other cases are consistent with it. In Ream v. Ream, Iowa, 158 N. W. 468, the plaintiff contended and the court found that the debtor's sister held title to property "for the use of" the debtor who was the equitable owner. The titleholder contended that the creditor's right to subject the property to the payment of her claim was barred by laches in reducing the demand to judgment. This defense was rejected solely on the ground that plaintiff's delay was excused because she was wife of the debtor and not on any theory that the grantee held the property in trust. The opinion seems to imply that but for the marital relationship the defense would have been good.

In Stubblefield v. Gadd, 112 Iowa 681, 686, 84 N. W. 917, it is recognized that ordinarily there is a constructive trust by operation of law where a conveyance is made in fraud of creditors. There a creditor's bill was held to be barred. In Brundage

v. Cheneworth, 101 Iowa 256, 70 N. W. 211, 63 Am. St. Rep. 382, it was alleged that fraudulent conveyances were made upon the express agreement that the grantor debtor was to remain the actual owner of the entire beneficial interest and that the grantees were to hold the property in trust for him. It was claimed that the judgment creditor's petition to reach the property showed upon its face that the cause of action was barred. The claim was rejected on the ground that the petition did not show any delay by plaintiff in reducing his demand to judgment, the suit having been brought a few days after judgment was procured.

Bump on Fraudulent Conveyances, 4th Ed., 555, section 571, states that the grantee of a fraudulent conveyance is not precluded from claiming the benefit of the statute of limitations by the fact that for some purposes he is treated as a trustee for the grantor's creditors.

Section 12106, Code, 1939, provides that:

"The grantor of real estate conveyed in fraud of creditors shall, as to such creditors, be deemed the equitable owner thereof * * *"

The allegations of plaintiff's amended and substituted petition that the grantee held title in trust for the debtor do not essentially differ from this statutory provision.

The effect of plaintiff's contention is that the statute of limitations does not run, or, at least, that the statutory period is not five years, and that the analogous doctrine of laches does not apply, where it is shown that the grantee of a fraudulent conveyance agrees to hold the title in trust for his grantor. We have repeatedly held that a case of this character is one based on fraud and that the statutory period is five years. It is generally held, in the absence of statutory limitations expressly pertaining to creditors' bills, that such an action is based on fraud, within the meaning of statutes of limitations. Annotation 128 A. L. R. 1289. We think this is true even though the grantee of the fraudulent conveyance may have agreed to hold the property in trust for the benefit of the grantor.

The judgment is—Affirmed.

All JUSTICES concur.