## Gunn et al., Appellants, v. Washek.

Argued October 3, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Hymen Schlesinger,* for appellants.

*Norman J. Cowie,* with him *Pringle, Bredin & Martin,* for appellee.

OPINION PER CURIAM, December 29, 1961:

The Court being evenly divided, the judgment is affirmed.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

Earnest Gene Gunn, at that time 5 years of age, was injured on May 7, 1957, as the result of negligence attributed to John J. Washek, the defendant here. The parents of the child filed an action in trespass on November 6, 1959. The defendant pleaded the statute of limitations as New Matter. The plaintiffs replied to the new matter as follows: "The plaintiffs deny that all of the alleged causes of action set forth in the plaintiffs' Complaint are barred by the Statute of Limitations, Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34; Act of March 27, 1713, 1 Sm. L. 76, §1, 12 P.S. §31. The plaintiffs aver on the contrary that the defendant is estopped from raising the bar of the Statute of Limitations. In further reply, Earline Gunn, the mother plaintiff, avers that approximately one week after the accident, a Mr. Makiars, an adjuster for the Keystone Insurance Co., the liability insurance carrier for John J. Washek, the defendant, came to the plaintiff's home and visited the plaintiff's home from time to time thereafter, telling Earline Gunn, the mother plaintiff, that the Keystone Insurance Co. would make a settlement of the case as soon as the minor plaintiff's doctor discharged him and advised the mother plaintiff not to engage an attorney until after the Keystone Insurance Co. had made an offer in settlement and that if the mother plaintiff was not satisfied with the offer of settlement that she could then retain an attorney and file suit. Earline Gunn, mother plaintiff, further avers that the minor plaintiff was discharged by the doctor in April, 1959 and she then attempted to communicate with Mr. Makiars by telephone but was never able to

find him in and although she left numerous messages for the said Mr. Makiars to return her call he never did so. The mother plaintiff further avers that no offer of settlement was ever received from the Keystone Insurance Co. and that the plaintiffs were misled by the conduct and actions on the part of the adjuster for the Keystone Insurance Co. as set forth above."

The Court of Common Pleas of Allegheny County regarded the reply as insufficient and entered judgment for the defendant, stating: "The question to be decided is: Did the adjuster lull the plaintiffs into such a false sense of security that, as the consequence of the adjuster's actions, plaintiffs allowed the two year Statute of Limitations to pass? We believe that he did not."

But a question of this seriousness cannot be decided upon a mere matter of belief. We have here a vital question of fact to determine. Did the insurance adjuster inform the mother-plaintiff, as is averred in the plaintiffs' reply, not to employ an attorney, sustaining her with empty promises until the fatal statute of limitations had struck down the claim? If he did, it is simply unconscionable to deprive the plaintiffs of their day in court.

The Supreme Court of the United States said on this subject, in the case of *Glus v. Brooklyn Eastern Dist. Term.*, 359 U. S. 231, 235: "It is no answer to say, as respondent does, that the representations alleged were of law and not of fact and therefore could not justifiably be relied on by petitioner. Whether they could or could not depends on who made them and the circumstances in which they were made. See Scarborough v. Atlantic Coast Line R. Co., 190 F. 2d 935. Such questions cannot be decided at this stage of the proceedings."

In *Thompson v. Phenix Ins. Co.*, 136 U. S. 287, 299, the Supreme Court of the United States also said: ". . . it would be contrary to justice for the insurance com-

pany to hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured and then be permitted to plead this very delay, caused by its course of conduct, as a defense to the action when brought."

In *Armstrong v. Levan,* 109 Pa. 177, it was averred that the defendant said to the plaintiff " 'that I should not sue; that if Mrs. Levan suffered any loss by reason of this mistake, he would make it good to her; that she should not lose anything through his mistake.' " This Court held that this statement "has all the elements of an estoppel. The plaintiff relied and acted upon it; she has been misled to her injury; but for the defendant's promise she would have commenced her action before the six years had expired."

It is alleged by the plaintiffs in this case that the insurance adjuster came to their home from time to time assuring them that as soon as the child recovered, the insurance company would make an adjustment and that they should not employ an attorney. If this adjuster actually carried on in this fashion for the purpose of preventing the plaintiffs from obtaining the services of an attorney who would advise them of their rights, and if these statements were founded in fraud and dishonesty, they were just as wicked as if they had counselled the mother not to get a doctor for her seriously injured child.

Attorney Hymen Schlesinger, representing the plaintiffs, stated in his brief: "Had the adjuster not made these statements when he spoke to her 'from time to time', she would have retained counsel to protect the rights of herself and her minor child. By requesting the mother not to engage counsel, the adjuster assumed a serious responsibility. Because, by that very act, he became substituted for her attorney in the eyes of the mother.

"The responsibility rested on the adjuster to advise her of her rights and of the two-year period of limitation, and to tell her that if she did not file an action within two years her claim would be barred. *But this was not the advice he gave her.* Instead, he persuaded her to hold off suit. Defendant now seeks to take advantage of the delay which he is responsible for. In good conscience and equity, the great weight of authority holds, the defendant is estopped from taking advantage of the situation created by his own conduct."

I agree with this exposition of the case and therefore cannot accept the decision of the lower court, nor the affirmance of this Court of that decision.

I dissent.