Donald **TIETJEN** et al., Plaintiffs,

v.

Kenneth **HASTIE**, Executor of the Estate of N. P. Black, Deceased, et al., Defendants.

Donald **TIETJEN** and Nannette Bruchey, Plaintiffs,

v.

Charles I. **JOY**, Defendant.

Donald **TIETJEN** and Nannette Bruchey, Plaintiffs,

v.

Walter B. **CRIST** a/k/a W. B. Crist and Martha Tietjen, Defendants.

Civ. Nos. 10–118–C–2, 10–119–C–2, 10–120–C–2.

United States District Court, S. D. Iowa, C. D.

June 7, 1972.

McCarville, Bennett & Ferguson, Fort Dodge, Iowa, for plaintiffs.

Willis & Sackett, Perry, Iowa, for defendant Kenneth Hastie, Executor of Estate of N. P. Black, Deceased.

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for defendant Perry State Bank.

Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, Iowa, for defendant Western Surety Co.

Herrick, Langdon, Belin & Harris, Des Moines, Iowa, for defendants Charles I. Joy and Walter B. Crist.

Ahlers, Cooney, Dorweiler, Allbee & Haynie, Des Moines, Iowa, for defendant Martha Tietjen.

## MEMORANDUM AND ORDER.

HANSON, District Judge.

This ruling is predicated upon various motions for summary judgment submitted to the Court by Perry State Bank, Kenneth Hastie, executor of the estate of N. P. Black, Charles I. Joy, Walter B. Crist, and Martha Tietjen, defendants in the above-styled actions. Plaintiffs allege in the various actions that the defendants defrauded them with respect to proceedings before the District Court of Iowa in and for Dallas County in Equity

No. 16603 and Probate No. 7642, the former proceeding occurring in the year 1945, the latter in 1948. The Court will briefly recite the uncontested facts as they are contained in the pleadings, depositions, and affidavits now before this Court.

In 1942, Richard Tietjen died leaving, among other property, certain realty and personalty collectively known as the Progressive Foundry Company of Perry, Iowa. His estate was duly probated in Dallas County District Court, and the final probate decree of that court declared the plaintiffs and other grandchildren of the decedent 49% owners of the Progressive Foundry Co. and Herman Tietjen, the father of one of the plaintiffs, 51% owner. On September 27, 1945, Herman Tietjen brought an action in equity in the Dallas County District Court to partition the Progressive Foundry property, naming the grandchildren, including the plaintiffs herein, as well as the Perry State Bank, a mortgage holder, as defendants. In due course, Charles I. Joy, an attorney, was appointed guardian ad litem for the grandchildren, all minors. The Court further ordered the property sold and named N. P. Black as referee to sell the property at no less than the appraised value. Charles Paiste, H. M. Shively and W. B. Crist were appointed as appraisers of the real estate and assets of the Progressive Foundry, and W. B. Crist was further appointed to make an accounting of the income and disbursements of the Progressive Foundry. The Court did not order the preparation of a profit and loss statement. An appraisal and accounting was duly made to the Court, a hearing was held on acceptance of these reports, and, on November 20, 1945, the Court, after making the appropriate findings, approved the appraisal and accounting and further approved the sale of Progressive Foundry Co. to Herman Tietjen for the appraised value. In the same Order, the Court appointed N. P. Black as trustee for the minor children. On January 25, 1946, after a hearing, the Court approved the refer-

ee's final report of the sale and distribution of assets. No appeal was taken from this final Order.

In Probate No. 7642, N. P. Black made a full accounting of his activities as trustee to the court, and on August 4, 1948, his accounting was approved and he was discharged as trustee, with receipts and waivers of notice being on file at that time executed by the duly appointed guardians of the wards in the trusteeship.

■ Plaintiffs contend that the defendants committed fraud upon them and upon the court by willfully concealing and misrepresenting the assets of the Progressive Foundry Co. Plaintiffs have submitted the affidavit of their expert, who disagrees with the appraisal of the firm approved by the Dallas County District Court. Plaintiffs based their contention solely on evidence contained in the record in Equity No. 16603. They claim that the land, buildings and equipment of the firm were appraised at too low a value, in light of the much greater expenditure for these items shown by the accounting to have occurred the year before. They also claim that no appraisal was made for the value of the firm as a going concern —the good will. This omission is quite apparent on the face of the record in Equity No. 16603. The Court deems this to be a collateral attack on the findings and conclusions of the Dallas County District Court. All factual data plaintiffs have presented to this Court were before the Dallas County District Court. Plaintiffs have presented no evidence of any asset of the foundry that was concealed from the State court. This Court can only conclude that the State court considered the facts clearly in front of it and found the assets to be properly appraised, notwithstanding that some of them apparently were purchased for a sum greater than the appraised value. This Court further concludes that the State court tacitly held that good will was not personal property within the contemplation of Iowa law. Such a holding now constitutes the law

of the case, notwithstanding what Iowa law actually was in 1945.

■ A central issue to plaintiffs' proof of fraud is that the assets of the Progressive Foundry Co. were improperly appraised. This same issue was decided adversely to the plaintiffs after a full hearing in Equity No. 16603. Plaintiffs were parties to that action and that action is now final. Plaintiffs are now collaterally estopped from raising that issue in this Court. Goolsby v. Derby, 189 N.W.2d 909 (Iowa, 1971); Blonder-Tongue Laboratories, Inc. v. University Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

■ The Court reaches this same conclusion with respect to the allegations of breach of fiduciary duty by N. P. Black as trustee. Plaintiffs assert that N. P. Black breached his duty to secure proper return on the corpus of the trust. In his accounting to the State court in Probate No. 7642, Mr. Black showed all disbursements of income from the corpus to the parents of the wards. The State court concluded that Mr. Black had fulfilled his duties as trustee in accordance with the law. Plaintiffs have presented no evidence, not before that court, that he did not properly perform his fiduciary obligations. Plaintiffs were parties to Probate No. 7642, a full hearing was held on the issue of proper accounting, and the judgment of that court is final. Accordingly, plaintiffs are collaterally estopped from raising the issue of proper accounting before this Court.

■ The Court concludes from the evidence before it that plaintiffs have made no showing that any of the defendants willfully concealed or misrepresented any matter to the Dallas County District Court. To the contrary, the uncontroverted evidence shows that the defendants presented all pertinent information sought by the State court. For the above reasons, the motions for summary judgment should be sustained.

■ The motions should be sustained for the further and independent reason that plaintiffs are guilty of inexcusable laches. The record shows that Donald Tietjen reached his majority on September 1, 1954. Nannette Bruchey reached her majority on December 31, 1958. Both plaintiffs knew of the legacy of their grandfather while in their teens. Both parties received their proportionate shares of the trust at or near the time they became of age, and both signed documents indicating receipt of the same. All evidence they now present to this Court has been a matter of public record at all times in the Dallas County Courthouse. Both had sufficient knowledge at or near the time of their majority so that they should have inquired into the record at that time. None of the defendants at any time prevented the plaintiffs from examining the records at the Dallas County Courthouse, or from inquiring into any other relevant source of information. The simple truth, as admitted by the plaintiffs in their depositions, is that they simply failed to inquire until 1968, when William Tietjen, brother to Donald and first cousin to Nannette, informed them of his belief of a fraud perpetrated on them. These actions were commenced 22 years after the last proceeding in State court. Many material witnesses are now deceased. The memories of the remaining witnesses are extremely clouded, due to the passage of a great amount of time. Many material records have long since been lost or destroyed. All defendants have relied on the finality of the State court proceedings for 22 years and have ordered their affairs accordingly. For these compelling reasons, the Court concludes that the plaintiffs are equitably estopped from bringing these causes of action against these defendants by reason of laches. Davenport Osteopathic Hosp. Ass'n v. Hospital Service, Inc., 261 Iowa 247, 154 N.W.2d 153 (1967); Simpson v. Bostwick, 248 Iowa 238, 80 N.W.2d 339 (1957); Sinclair v. Allender, 238 Iowa 212, 26 N.W. 2d 320 (1947); Copeland v. Voge, 237 Iowa 102, 20 N.W.2d 2 (1945); Olson

v. Larson, 233 Iowa 1032, 8 N.W.2d 697 (1943).

 The motions for summary judgment should be sustained for the further and independent reason that this action is barred by Chapter 614 of the Iowa Code. Section 614.1 of the Iowa Code provides *inter alia*:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared . . .

(4) *Unwritten contracts—injuries to property—fraud—other actions.* Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years. . . . "

Section 614.4 of the Iowa Code provides:

"In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved."

Actions for relief on the ground of fraud, which might be pursued either at law or in equity, must be commenced within five years after the perpetration of the fraud. This has been the law of Iowa since the identical provision to Section 614.1 was incorporated into the 1851 Code of Iowa as Section 1659(4). Relf v. Eberly, 23 Iowa 467 (1867); McGinnis v. Hunt, 47 Iowa 668 (1878). These instant causes of action are actions at law for damages growing out of fraud. An action at law for damages growing out of fraud is not an action which was cognizable in chancery prior to the adoption of Section 614.1(4);

hence, such action is not within the contemplation of Section 614.4, which provides that Section 614.1(4) shall not run in cases of fraud until the fraud is discovered, since Section 614.1(4) applies only to actions solely cognizable in chancery. Cole v. Hartford Acc. & Indem. Co., 242 Iowa 416, 46 N.W.2d 811 (1951); Higbee v. Walsh, 229 Iowa 408, 294 N.W. 597 (1940); McGrath v. Dougherty, 224 Iowa 216, 275 N.W. 466 (1937); Smith v. Middle States Utilities Co., 224 Iowa 151, 275 N.W. 158 (1937). In these instant causes of action, the last act of any of the defendants about which plaintiffs complain occurred in 1948. These above-styled causes of action have been barred since September 1, 1955 with respect to Donald Tietjen and since December 31, 1959 with respect to Nannette Bruchey. Iowa Code, Section 614.8. And even if the provisions of Section 614.4 were applicable in these cases, the conclusion of this Court would be the same. To fall within Section 614.4, two things must be alleged and proved: (1) that the defendants did some affirmative act to conceal the causes of action; and, (2) that the plaintiffs exercised diligence to discover the causes of action. Higbee v. Walsh, *supra*; Smith v. Middle States Utilities Co., *supra*. The Court finds and concludes that the plaintiffs have failed to prove the existence of either of these conditions.

The cause of action against Western Surety Company in Civil No. 10–118–C–2 is totally dependent upon the success of the plaintiffs in proving that N. P. Black was guilty of fraud, for Western allegedly was the surety bondsman for N. P. Black in the State court proceedings. As this Court has held that the cause of action against N. P. Black must be dismissed, it must now also hold that the cause of action against Western Surety Company must be dismissed.